# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

PHILLIP MORAN, JR.,

    Petitioner,

v.

ATTORNEY GENERAL STATE OF GEORGIA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-116

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Phillip Moran, Jr., ("Moran"), who was formerly housed at the Coastal Transition Center in Savannah, Georgia,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Moran also filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Moran's Motion to Proceed *in Forma Pauperis*. I **RECOMMEND** that the Court **DISMISS** Moran's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Moran leave to appeal *in forma pauperis* and a certificate of appealability.

## BACKGROUND

Moran filed this Section 2254 Petition to contest his five-year sentence obtained in the McIntosh County Superior Court. (Doc. 1.) Moran contends he is serving a sentence for the revocation of his probation due to the charges he received in McIntosh County. According to Moran, his probation term would not have been revoked but for the McIntosh County charges. (Doc. 1-1, p. 2.) Moran was released from the Georgia Department of Corrections' custody in May 2016. (Doc. 1, p. 13; n.1 *supra*.) He filed his Section 2254 Motion on August 6, 2016. As

---

[1] http://www.dcor.state.ga.us/GDC/Offender/Query, last accessed Aug. 26, 2016.

relief, Moran seeks the vacatur of his McIntosh County, Georgia, sentence and the expungement of his felony charge. (Doc. 1, p. 15.)

## DISCUSSION

Moran bring this action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The requisite review of Moran's Petition implicates doctrines of law which require the dismissal of his Petition.

**I.     Whether Moran is "in Custody" Pursuant to 28 U.S.C. § 2254**

To file a Section 2254 petition, a petitioner must be "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. §§ 2254(a) & (b)(1). "Whether a petitioner is 'in custody pursuant to the judgment of a State court' is a jurisdictional question[.]" Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cty., 683 F.3d 1261, 1263 (11th Cir. 2012). A habeas petitioner is no longer "in custody" within the meaning of Section 2254 when the challenged sentence has fully expired at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490–91 (1989). Even if a petitioner suffers collateral consequences from the challenged sentence, "collateral consequences of [a] conviction, alone, are insufficient to render the [petitioner] in custody for the purposes of [a § 2254] habeas attack." Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) (quoting Maleng, 490 U.S. at 492).

Moran is currently on parole as a result of his sentence obtained in McIntosh County. (See n.1, *supra.*) However, Moran does not appear to challenge his parole resulting from his McIntosh County conviction. Rather, he is contesting the sentence he received in McIntosh

2

County, which he claims resulted in the revocation of his probation on a different, undisclosed conviction. Moran complains about a collateral consequence to his McIntosh County conviction, which is an insufficient basis for his Section 2254 Petition. Thus, Moran was not "in custody" at the time he filed his Section 2254 Petition, and this Court lacks jurisdiction to entertain his claims. Contra, Johnson v. Goodrich, No. CV412-270, 2012 WL 5931673, at *1 (S.D. Ga. Nov. 26, 2012) (noting the "in custody" requirement may be met where petitioner is on probation, parole, or bail), *adopted by* 2012 WL 6553955 (S.D. Ga. Dec. 14, 2012). Accordingly, the Court should **DISMISS** Moran's Petition for these reasons.

## II.     Dismissal for Moran's Failure to Exhaust

Even if Moran satisfies the "in custody" requirement, his Petition would nevertheless be subject to dismissal. By Moran's own admission, he filed a petition for writ of habeas corpus with the McIntosh Superior Court, and he did not appeal any denial of that petition. (Doc. 1, p. 6.) Moran filed his petition in the Superior Court of McIntosh County on October 2, 2015. (Doc. 1-1, p. 1.)

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.

3

§ 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Moran has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia. In fact, accepting as true Moran's assertion that he did not appeal the denial of his McIntosh County habeas corpus petition, he failed to avail himself of required state law remedies. O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court."). For the reasons set forth above, Moran failed to exhaust his available state remedies prior to filing this Petition, and the Court should **DISMISS** his Petition for this reason, as well.

### III. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Moran leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Moran has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Moran's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Moran's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** Moran leave to proceed *in forma pauperis*. The Court **DENIES** Moran's Motion to Proceed *in Forma Pauperis* in this Court, (doc. 2).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Moran.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA